HONORABLE BENJAMIN H. SETTLE

**THE UNITED STATES COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| DEREK WATSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC., an Arkansas corporation,<br><br>Defendant. | No. 3:25-cv-05359-BHS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff Derek Watson, by their undersigned counsel, pursuant to FRCP 15(a)(1)(b), and for their first amended class action complaint against Defendant J.B. Hunt Transport, Inc., alleges as follows:

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks for which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; and (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant is within the jurisdiction of this Court. Defendant does business in the State of Washington. Defendant is registered to conduct business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2 Venue. Venue is proper in the Western District of Washington because this case was properly filed in Pierce County and Defendant removed it therefrom under 28 U.S.C. § 1441(a).

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## III. PARTIES

3.1 Plaintiff. Plaintiff is a resident of Pierce County, Washington. Defendant hired Plaintiff as an hourly-paid or non-exempt Installer in its Spanaway and then Sumner locations during the relevant time period From approximately January 2022 to June of 2023.

3.2 Defendant. Defendant is an Arkansas corporation with its principal place of business in Lowell, Arkansas.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Federal Rule of Civil Procedure Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from February 26, 2023, to final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. More than 100 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

b. Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

d. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

g. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

i. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

j. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

k. Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;

l. Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

m. Whether Defendant has violated RCW 49.12.020;

n. Whether Defendant has violated WAC 296-126-092;

o. Whether Defendant has violated RCW 49.46.130;

p. Whether Defendant has violated RCW 49.46.090;

q. Whether Defendant has violated RCW 49.46.210;

r. Whether Defendant has violated RCW 49.48.010;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

s. Whether Defendant has violated WAC 296-126-025;

t. Whether Defendant has violated WAC 296-126-028;

u. Whether Defendant has violated WAC 296-128-620;

v. Whether Defendant has violated RCW 49.52.050; and

w. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

4.6 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

5.1 Plaintiff experienced a variety of wage-and-hour violations while employed by Defendant, including but not limited to: non-compliant meal and rest breaks, off-the-clock work, unpaid and underpaid overtime, sick leave violations, personnel file violations, and final paycheck violations.

5.2 Plaintiff Watson was employed by Defendant J.B. Hunt Transport, Inc., as an appliance installer in Washington.

5.3 Plaintiff's position was hourly paid and non-exempt.

5.4 Plaintiff primarily worked as an appliance installer. This involved delivering, unloading, and installing appliances. Plaintiff's work was installing appliances on behalf of Amazon,

5.5 Occasionally Plaintiff was required to help load the truck, deliver furniture, and perform other tasks.

5.6 Plaintiff left the warehouse location with a certain number of appliances or deliveries and had to complete those deliveries, including installations, on the same day.

5.7 Defendant created the schedule and deliveries for Plaintiff, and Plaintiff was required to follow to the schedule.

5.8 The schedule did not have time built in for potential installation issues, rest breaks, or meal breaks.

5.9 Plaintiff was provided a work phone that contained an app for Defendant to track the deliveries, including the arrival and departure times, as Plaintiff was required to note the arrival and start the job through the app, and also mark the job as complete through the app.

5.10 Plaintiff worked between 6 hour and 14 hours per day, depending on the scheduled set by Defendant, and if there were any issues that delayed the work.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.11 Failure to Provide Rest Breaks. During his employment, Plaintiff regularly worked shifts of four or more consecutive hours without taking any rest breaks, taking rest breaks that were less than ten minutes, and taking breaks later than three hours into work.

5.12 Plaintiff was required to acknowledge an offer letter entitled "Final Mile" on July 6, 2022. In this offer letter contained the policy: "In accordance with J.B. Hunt policy, you are provided the opportunity to take meal periods and rest breaks as required by applicable law. Your rest break time is based on all hours worked." Defendant did not explain what the applicable law was.

5.13 Defendant systematically discouraged Plaintiff from taking required paid rest breaks because the schedule, created by Defendant, did not allow it.

5.14 Plaintiff was not prohibited to stop for breaks, but was discouraged from doing so because it would cause him to fall behind Defendant's schedule.

5.15 As an Installer, Plaintiff worked in a two-person crew in which, while one person drove, the other was supposedly taking a break. Installers did not need to ask permission before taking rest breaks, but they were required to complete an active delivery before taking a break.

5.16 Specifically, the deliveries were tracked by an app, so once Plaintiff's two-person crew began a delivery on Amazon's app, it had to be completed before a break could be taken, even if there were issues that caused delays.

5.17 Plaintiff specifically remembers that holidays such as Black Friday, Memorial Day, Labor Day, and President's Day were some of his busiest weeks, and he was actively encouraged to skip his rest and meal breaks during those weeks. For example, for the week ending May 27, 2023 (just before Memorial Day), Plaintiff worked 50.27 hours and recalls being unable to take rest breaks for two entire days, as well as taking late breaks at least 5 times.

5.18 Failure to Provide Meal Breaks. Plaintiff received pop-up notifications from the Amazon app indicating when he was supposed to take meal breaks.

5.19 However, he was required to complete his deliveries before taking a meal break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.20 Plaintiff's meal breaks were timed through the app, and all he had to do was push a prompt for the clock to start. He did not need to clock back in for the break.

5.21 Approximately once per week, Plaintiff was not provided a full 30-minute meal break because his supervisor encouraged or prompted him to interact with the app to indicate he was taking lunch when he was not in order to stay on schedule for deliveries.

5.22 For the same reason, Plaintiff completely missed a meal break about once per week because he was told to tell the app he had finished lunch to maintain his delivery schedule.

5.23 For example, for the week ending May 27, 2023 (just before Memorial Day), Plaintiff worked 50.27 hours and recalls taking meal breaks of under thirty minutes for all five days. Plaintiff believes that he took his meal breaks at about 6 hours into his shift during that week, since that was common.

5.24 When Plaintiff's shifts were longer than 10 hours, the company did not provide or offer him a second meal break. Plaintiff never took a second meal break, despite having worked more than 10 hours a day approximately twice a week.

5.25 <u>Off-the-Clock Work</u>. Defendant routinely required Plaintiff to work off-the-clock.

5.26 Approximately once a month Plaintiff would help with loading the truck prior to his shift, working for on average ten minutes per occurrence.

5.27 This happened when another employee needed immediate help because there were large items, and there were no forklifts on site requiring items to be loaded by hand.

5.28 <u>Failure to Pay Minimum Wages</u>. Defendant would pay Plaintiff and other employees a "paid break" when they were training, likely because all breaks were working breaks, but failed to pay minimum wages. For example, for the week ending May 13, 2023, Plaintiff was paid $0.66 per hour for a paid break. During the week ending November 5, 2022, Plaintiff was paid $0.22 per hour for a paid break and during the week ending October 29, 2022, Plaintiff was paid $0.09 for a paid break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.29 Failure to Accrue and Allow Use of Paid Sick Leave. Defendant's sick leave program failed to meet the minimum requirements of Washington Law. Due to Defendant's consistent and predictable failure to accurately record all of Plaintiff's hours of work in its timekeeping and payroll systems as a result of the issues described above, Defendant under accrued sick leave for its employees, including Plaintiff.

5.30 On the rare occasion that Plaintiff took sick leave, Plaintiff was paid incorrectly. For example, for the week ending May 20, 2023, and June 10, 2023, Plaintiff was paid only 8 hours of sick time, when his schedule was expected to be longer.

5.31 Failure to Maintain Accurate Payroll Records. Defendant failed to maintain accurate time and pay records reflecting all hours worked and all wages owed because it did not properly record all hours worked. Pre-shift work and work during breaks were not captured by the timekeeping system.

5.32 Failure to Pay All Overtime Wages. During his employment, Plaintiff worked numerous workweeks in which he worked more than forty hours. Defendant failed to pay Plaintiff overtime compensation at the required rate of one and one-half times his regular rate of pay for hours worked in excess of forty hours per week.

5.33 Defendant failed to include unpaid rest break time, short or skipped meal breaks, or off-the-clock work when calculating the total hours Plaintiff worked for purposes of determining overtime compensation.

5.34 Defendant also failed to include other renumeration. For example, On the week ending December 31, 2022, Defendant paid Plaintiff a $30.00 "wellness premium discount" as part of his taxable wages, but did not include the same in his overtime calculation. Plaintiff had 1.3 hours of overtime recorded for that week and his overtime rate was limited to 1.5x his base hourly rate.

5.35 Failure to Pay All Wages Due at Termination. Plaintiff's employment with Defendant was terminated on or about August 7, 2023. Upon termination, Plaintiff was not paid



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

accurately because Defendant required Plaintiff to work through breaks and did not pay premium payments to him.

5.36 Nor was Plaintiff compensated with his complete and full wages owed due to the off-the-clock work described herein by the time his final paycheck was issued to him.

5.37 Other Derivative Theories. In addition to independent theories of each of these claims, facts that support one theory may also necessarily cause liability under another, if true. For example, Defendant's violation of Plaintiff's right to meal breaks would also necessarily constitute work off-the-clock, and work-off-clock may also cause violations of Plaintiff's meal break rights (e.g. if Plaintiff started working off-the-clock prior to clocking in, then only took his first meal period 5 hours after clocking in, then it would necessarily mean he took a late break).

## VI. SUMMARY OF CLASSWIDE FACTUAL ALLEGATIONS

6.1 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

6.2 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

6.3 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.

6.4 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.

6.5 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

6.6 Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.7 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.

6.8 Defendant had actual or constructive knowledge of the facts set forth above.

6.9 Failure to provide meal breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

6.10 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

6.11 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.

6.12 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

6.13 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

6.14 Defendant had actual or constructive knowledge of the facts set forth above.

6.15 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

6.16 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

6.17 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Class members with thirty minutes additional pay and/or time worked for each missed meal break.

6.18 Defendant had actual or constructive knowledge of the facts set forth above.

6.19 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

6.20 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

6.21 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

6.22 Defendant had actual or constructive knowledge of the facts set forth above.

6.23 Defendant had actual or constructive knowledge of the facts set forth above.

6.24 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

6.25 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.

6.26 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.27 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

6.28 Defendant had actual or constructive knowledge of the facts set forth above.

6.29 Failure to pay all wages due at termination. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

6.30 Defendant had actual or constructive knowledge of the facts set forth above.

6.31 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

6.32 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

6.33 Defendant had actual or constructive knowledge of the facts set forth above.

## VII. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

7.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

7.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

7.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

7.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

7.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

8.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

8.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

8.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

8.7 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

8.8 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

8.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

8.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## IX. THIRD CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)**

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

one-half times the regular rate at which he or she is employed."

9.3 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

9.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)**

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

10.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

10.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XI. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

11.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

11.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

11.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

11.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XII. SIXTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

12.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

12.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) who are no longer employed by Defendant have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendant are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. SEVENTH CLAIM FOR RELIEF

**(Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)**

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

13.5 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 10th day of June, 2026.

**JUSTICE LAW CORPORATION**

By: *<u>/s/ Douglas Han</u>*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
*<u>/s/ Shunt Tatavos-Gharajeh</u>*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
*<u>/s/ April Rhéaume</u>*
April Rhéaume, WSBA #57119
Email: arheaume@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On June 10, 2026, the below-referenced document was transmitted to the addressee(s) at the e-mail addresses listed herein:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

E. Ashley Paynter
ashley.paynter@ogletree.com
Lauren S. Titchbourne
lauren.titchbourne@ogletree.com
**Legal Staff:**
Alyssa Lynch
alyssa.lynch@ogletree.com
Sandra K. Sandoval
sandra.sandoval@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
1201 Third Avenue, Suite 5150
Seattle, WA 98101

**[X] By Electronic Mail**
**[X] By ECF**

*Attorneys* for Defendant J.B. Hunt Transport, Inc.

Executed on June 10, 2026, at Pasadena, California.

*/s/ Sophia Hanneyan*
Sophia Hanneyan